## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT COURT OF NEW YORK

| | |
|---|---|
| PRIME PROPERTY & CASUALTY INSURANCE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN GONZALEZ; SOLMARY OLMO, individually and on behalf of A.G., an infant; ALACRITY TRANSPORTATION, INC.; CHRISTIAN O. NWOBU; RTB LOGISTICS, INC.; AMAZON LOGISTICS, INC. d/b/a "AMAZON FLEX (PRIME NOW)"; AMAZON FULFILLMENT SERVICES, INC., d/b/a "AMAZON FLEX (PRIME NOW)"; and NICHOLAS BURFORD<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§2201 AND 2202, THE FEDERAL DECLARATORY JUDGMENT ACT** |

Plaintiff, Prime Property & Casualty Insurance, Inc. ("Prime Property & Casualty"), by and through its attorneys, Kennedys CMK, LLP, as and for its Complaint for Declaratory Judgment against Defendants Nathan Gonzalez ("Gonzalez"); Solmary Olmo, individually and on behalf of A.G., an infant ("Olmo"); Alacrity Transportation, Inc. ("Alacrity"); Christian O. Nwobu ("Nwobu"); RTB Logistics, Inc. ("RTB"); Amazon Logistics, d/b/a "Amazon Flex (Prime Now)" ("Amazon Logistics"); and Amazon Fulfillment Services, Inc., d/b/a "Amazon Flex (Prime Now)" ("Amazon Fulfillment"); alleges as follows:

### NATURE OF THE ACTION

1.    By the within Complaint, Prime Property & Casualty seeks judgment declaring the rights and obligations of the parties, if any, under a certain policy of motor vehicle liability insurance, by reason of a motor vehicle collision that Prime Property & Casualty is informed

occurred on August 8, 2021 at or about  Mile Post 309 on Interstate Route 80 , in or about Smithfield Township, Pennsylvania ("the Collision"). This action also seeks judgment against certain defendants for contractual indemnification, damages, interest, and costs of suit.

## THE PARTIES

2.      Prime Property & Casualty is, for purposes of the jurisdiction of this court, a citizen of the state of Illinois, in that it is an insurance corporation incorporated under the laws of the state of Illinois, and is also a citizen of the state of Utah, in that its principal place of business is located in Sandy, Utah.

3.      Upon information and belief, Nathan Gonzalez is an individual who, for the purpose of jurisdiction under 28 U.S.C. § 1332, is a citizen of the state of New York, in that he resides at  215-217 Alexander Ave #12J, Bronx, New York. Nathan Gonzalez is named as a party because he is a person whose interests may be affected by the relief sought herein.

4.       Upon information and belief,  Solmary Olmo is an individual  who, for the purpose of jurisdiction under 28 U.S.C. § 1332, is a citizen of the state of New York, in that she resides at 215-217 Alexander Ave #12J, Bronx, New York. Solmary Olmo is named as a party because she is a person whose interests may be affected by the relief sought herein.

5.      Upon information and belief, Alacrity Transportation is for the purpose of jurisdiction under 28 U.S.C. § 1332, a citizen of the state of New York, in that it is a corporation organized under the laws of the State of New York and in that its principal place of business situated in the state of New York.

6.      Upon information and belief, Christian O. Nwobu is for the purpose of jurisdiction under 28 U.S.C. § 1332  a citizen of the state of Connecticut, in that he resides at 596 Orchard Street, 2nd Floor, New Haven, Connecticut. Prime Property & Casualty is informed and believes

that Nwobu has conducted or does conduct business in the state of New York, or otherwise has such minimum contacts with the State of New York that he is subject to the jurisdiction of a New York court.

7.      Upon information and belief, RTB Logistics is for the purpose of jurisdiction under 28 U.S.C. § 1332 a citizen of the state of North Carolina, in that it is a corporation organized under the law of the state of North Carolina, with its principal place of business situated in the state of New York. Prime Property & Casualty is informed and believes that RTB Logistics is the owner of the tractor involved in the Collision and has conducted or does conduct business in the state of New York, or otherwise has such minimum contacts with the State of New York that it is subject to the jurisdiction of a New York court.

8.      Upon information and belief, Amazon Logistics is for the purpose of jurisdiction under 28 U.S.C. § 1332, a citizen of the states of Delaware and Washington, in that it is a corporation duly organized and existing under and by virtue of the laws of the state of Delaware and has its principal place of business in the state of Washington. Prime Property & Casualty is informed and believes that Amazon Logistics is the owner of the trailer that was involved in the Collision and  has conducted or does conduct business in the state of New York, or otherwise has such minimum contacts with the state of New York that it is subject to the jurisdiction of a New York court.

9.      Upon information and belief, Nicholas Burford is for the purpose of jurisdiction under 28 U.S.C. § 1332  a citizen of the state of New York, in that he resides at 8 Paumanake Rd, Blue Point, New York. Upon information and belief, Nicholas Burford is an officer, director or other person responsible for the operation of Alacrity Transportation.

3

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the citizenship of plaintiff Prime Property & Casualty, and that of all named defendants, is diverse, and in that the amount in controversy may exceed seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

11.     Venue pursuant to 28 U.S.C. 1391(b) is properly laid in the District of New York, because several of the defendants reside in a county located within the District of New York and the remaining defendants conduct business in that district.

12.     An actual and justiciable controversy exists between the parties with respect to the rights of the parties under an insurance policy, related agreements, and certain lawsuits.

## FACTUAL ALLEGATIONS

### A.     The Prime Policy

13.     On February 28, 2021,  Prime Property & Casualty issued a policy of commercial vehicle insurance PC21021958 ("the Policy," Exhibit "A"), which policy names "Alacrity Transportation Inc" as Insured.

14.     Section I of the Policy, entitled "LIABILITY COVERAGE," reads in part:

A.     Insuring Agreement

1.     Subject to all of the terms, limitations, conditions, definitions, exclusions, and other provisions of this Policy, we will pay Damages in excess of any SIR that you are legally obligated to pay because of Bodily Injury or Property Damage to which this Policy applies if caused by an Accident and resulting from the ownership, maintenance, or use of a Scheduled Auto as identified in the Policy, on the Declarations or any Endorsement if:

\*\*\*

b.     You have complied with all the conditions set forth in Section VII – Conditions of the Policy, including without limitation all the reporting and notification requirements. The Accident occurs within

4

the radius of operation for the Scheduled Auto as identified on the Declarations or any Endorsement and within the United States of America; and

\*\*\*

15.    The Policy, by its terms, conditions coverage upon the insured's cooperation in the defense of any claim or suit.

16.    Section VII of the Policy, "Conditions," states:

A.  Notice of Accident, Potential Claim, Claim, or Suit

1.  As an express condition precedent to coverage under this Policy, you must give us immediate written notice, as soon as possible and in no event later than 72 hours, of any incident, event, occurrence, loss, or Accident which might give rise to a Claim covered by this Policy. Written notice must be given to: Claims Direct Access, P.O. Box 4439, Sandy, Utah 84091-4439, U.S.A. Phone: (877) 585-2849 or (801) 304-5530; Fax: (877) 452-6909 or (801) 304-5536, and include:

\*\*\*\*\*\*\*\*\*

2. You and any other involved Insured must:

\* \* \*

c. Cooperate with us in the investigation, settlement, or defense of the Claim or Suit – the Insurer may require that the Insured submit to examination or questioning, attend hearings, depositions, and trials – additionally, in the course of investigation or defense, the Insurer may require written and/or sworn statements concerning the Claim:

\* \* \*

15. Section IX, Reimbursement, of the Policy states:

SECTION IX — REIMBURSEMENT

In the event we provide coverage for a Claim and it is at any time determined that the Claim, or any part thereof, is not covered under the Policy, we expressly reserve the right to seek reimbursement of any Damages and/or Claim Expenses associated with any such Claim from any Insured.

17.    Section III—Who is an Insured, of the Policy states in relevant part:

A.  The "Named Insured" is the person and/or entity expressly designated on the Declarations or in any Endorsement. If the person or entity designated as the Named Insured is:

5

4. An organization other than a partnership, joint venture, or limited liability company, such organization is the Insured; however, the organization's executive officers and directors are Insureds, but only with respect to their duties as the organization's officers or directors. Such organization's stockholders are also Insureds, but only with respect to their liability as stockholders.

An "Insured" is also any Scheduled Driver of an otherwise Scheduled Auto who is maintaining or operating

## B.    The Collision

18.    Prime Property & Casualty is informed that on August 8, 2021, Nwobu, in his capacity as an employee of Alacrity Transportation and on its behalf, was driving a 2017 Freightliner Cascadia, VIN No. 3KJGLDR5HSHR4935, that was owned by RTB Logistics, which tractor was towing a trailer owned by Amazon Logistics.

19.    Prime Property & Casualty is informed that on August 8, 2021, the tractor trailer driven by Nwobu collided with a motor vehicle that was being driven by Gonzalez on Interstate 80 eastbound at or near mile marker 309 in Smithfield Township, Pennsylvania.

20.     On February 21, 2023, Gonzalez filed a lawsuit in the Supreme Court of New York, Bronx County, under Index No. 29387/2020E against Alacrity Transportation, Nwobu, RTB Logistics and Amazon Logistics Inc. ("the Gonzalez Lawsuit"), in which lawsuit, Prime is informed, Gonzalez claims that by reason of Nwobu's negligent operation of the Alacrity Transportation tractor trailer, Alacrity Transportation and Nwobu are liable to him for damages caused by the collision.

21.    Prime Property & Casualty retained the law firm of Ehrlich Gayner, LLP, to represent Alacrity Transportation and Nwobu in the Gonzalez Lawsuit, subject to a reservation of Prime Property & Casualty's rights under the Policy.

**C.    Failure and refusal of Alacrity Transportation and Nwobu to cooperate with defense counsel**

22.    Counsel retained by Prime Property & Casualty to represent Alacrity Transportation and Nwobu has requested that Alacrity Transportation and Nwobu assist in the defense of the Gonzalez Lawsuit, by speaking and meeting with counsel, appearing for depositions and otherwise.

23.    Alacrity Transportation and Nwobu have failed and refused to cooperate with defense counsel in the defense of the Gonzalez Lawsuit.

24.    Prime Property & Casualty is informed that on September 5, 2025, the attorneys for Plaintiff in the Gonzalez Lawsuit filed a motion for an order striking the Answer of Alacrity Transportation and Nwobu due to the failure of defendant Nwobu to have appeared for his examination before trial.

25.    By reason of the failure of Alacrity Transportation and Nwobu to cooperate in the defense of the Gonzalez Lawsuit, defense counsel has been unable to investigate facts tending to prove the non-liability of Alacrity Transportation and Nwobu and to otherwise prepare the defense of Alacrity Transportation and Nwobu to the Gonzalez Lawsuit, such that the defense of such lawsuit has been and will continue to be prejudiced.

26.    The failure of Alacrity Transportation and Nwobu to cooperate with defense counsel in the defense of the Gonzalez Lawsuit constitutes a breach of the terms of the Prime Policy.

27.    By reason of the failure of Alacrity Transportation and Nwobu to cooperate with defense counsel in the defense of the Gonzalez Lawsuit, and as a result of their breach of the terms of the Prime Policy, Prime Property & Casualty has been and will continue to be damaged.

**D.    Personal Guarantee and Indemnity Agreement**

7

28.     On February 26, 2021, in connection with and in consideration of Prime Property & Casualty's issuance of the Policy, Burford, on behalf of Alacrity Transportation and on his own behalf, agreed to and entered into a "Personal Guarantee and Indemnity Agreement" with Prime Property & Casualty ("the Personal Guarantee"). A true and correct copy of the Personal Guarantee is attached hereto as Exhibit B.

28.     The Personal Guarantee became effective on the date of its execution.

29.     The Recitals section of the Personal Guarantee states in part:

> 3.     The Insured has the responsibility to reimburse Prime for any Non-Covered Claim which Prime must pay as a result of any Financial Responsibility Law.
>
> …

(Ex. B, Personal Guarantee at pp. 1.)

30.     Paragraph 1, <u>Indemnity</u>, of the Personal Guarantee states:

> **1.     Indemnity**
>
> The Insured agrees to indemnify, defend and hold Prime harmless from any and all losses or claims arising out of a Non-Covered Claim. The Insured acknowledges its obligations to Prime for a Non-Covered Claim are not limited by the Limits of Liability of the Policy, and include attorney's fees and costs incurred in an effort to enforce this Agreement.

(Ex. B, Personal Guarantee at pp. 1.)

31.     Paragraph 7 of the Personal Guarantee states in part: "the Insured further agrees to reimburse and indemnify Prime for any and all attorney fees and costs incurred in an effort to enforce this Agreement."

32.     Pursuant to Paragraph 9 of the Personal Guarantee, Burford, who signed the

Personal Guarantee, agreed as follows:

> 9.     **Personal guarantee and authority to sign for the Insured:**
>
> The undersigned represents that he or she has full authority on behalf of the Insured to execute this Agreement and to bind the Insured to these terms.
>
> In addition, the undersigned in his or her individual capacity, personally undertakes the financial obligations set forth in this Agreement in the event the Insured refuses or fails to indemnify and hold Prime harmless as set forth above. The undersigned agrees and acknowledges that his or her personal guarantee shall continue even if the Insured is sold, transferred or dissolved or if the Insured shall become bankrupt or insolvent.

## COUNT I

**(For Judgment Declaring That The Policy Does Not Afford Coverage To Alacrity Transportation or Christian Nwobu By Reason Of Their Failure To Cooperate In The Defense of the Gonzalez Lawsuit)**

33.     Prime Property & Casualty repeats and re-alleges each and every allegation set

forth in the foregoing paragraphs with the same force and effect as if fully set forth herein.

34.     Alacrity Transportation and Christian Nwobu, in breach of their duties and

obligations under the Policy and at law, have failed to cooperate in the defense of the Gonzalez

lawsuit.

35.     By reason of such failure as aforesaid, the defense of Alacrity Transportation and

Christian Nwobu in the Gonzalez lawsuit  has been prejudiced.

36.     By reason of such failures and breaches as aforesaid, Prime Property & Casualty

has been deprived of the opportunity to protect its legal interests and has otherwise been prejudiced

and sustained damages.

**WHEREFORE**, Prime Property & Casualty demands judgment as follows:

(a)    Declaring that Prime Property & Casualty had and has no duty to defend Alacrity Transportation or Christian Nwobu from the Gonzalez lawsuit  or to indemnify Transportation or Christian Nwobu from any judgment that may be entered against them in the Gonzalez lawsuit;

(b)    Declaring that the Prime Policy does not and will not afford coverage to Alacrity Transportation and Nwobu for and from the claims and causes of action alleged by the parties to the Gonzalez Lawsuit, such that Prime Property & Casualty will not be obligated to pay any judgment that may be entered against Alacrity Transportation and Nwobu in such lawsuit;

(c)    Awarding Prime Property & Casualty its damages, interest, attorneys' fees, and costs of suit; and

(d)    Awarding Prime Property & Casualty such other and further relief as the Court deems equitable and just.

## COUNT II
### (Breach of Contract as to Alacrity Transportation and Nwobu)

37.    Prime Property & Casualty repeats and re-alleges each and every allegation set forth in the foregoing paragraphs with the same force and effect as if fully set forth herein.

38.    The failure of Alacrity Transportation and Nwobu to cooperate with defense counsel in the defense of the Gonzalez Lawsuit constitutes a breach of the terms of the Prime Policy.

39.    Should it be determined that, notwithstanding the breach of the insurance contract by Alacrity Transportation and Nwobu, Prime Property & Casualty will be obligated to pay a judgment in favor of any party to the Gonzalez Lawsuit, Prime Property & Casualty will sustain damages as a result thereof.

40.    Any such damages will have been caused by the failure of Alacrity Transportation and Nwobu to cooperate with defense counsel in the defense of the Gonzalez Lawsuit and breach of the terms of the Prime Policy as aforesaid.

**WHEREFORE**, Prime Property & Casualty demands judgment against Alacrity Transportation

and Nwobu, as follows:

(a)     Awarding Prime Property & Casualty its damages, interest, attorneys' fees, and costs of suit; and

(b)     Awarding Prime Property & Casualty such other and further relief as the Court deems equitable and just.

**COUNT III**

**(As to Alacrity, Nwobu and Burford: for Judgment Declaring That Prime Property & Casualty Owes No Duty Under The MCS-90 Endorsement To Pay Any Judgment Against Nwobu or Alacrity Transportation Arising From The Collision Or, In The Alternative, For Reimbursement Of Any Payment Prime Property & Casualty Is Obligated To Make on behalf of Nwobu or Alacrity Transportation)**

38.     Prime Property & Casualty repeats and re-alleges each and every allegation set forth in the foregoing paragraphs with the same force and effect as if fully set forth herein.

39.     The MCS-90 Endorsement to the Policy (Ex. A)states that "[t]he insured [*i.e.*, Alacrity Transportation] agrees to reimburse . . . [Prime Property & Casualty] on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that [Prime Property & Casualty]  would not have been obligated to make under the provisions of the [P]olicy except for the agreement contained in this endorsement."

40.     Should Prime Property & Casualty be obligated under the MCS-90 Endorsement to pay a final judgment against Alacrity Transportation, notwithstanding the failure of Alacrity Transportation and Nwobu to cooperate with defense counsel in the defense of the Gonzalez Lawsuit, any such payment will be on account of an "accident, claim or suit involving a breach of the terms of the policy," such that  Alacrity Transportation will be obligated to reimburse Prime Property & Casualty for any such payment.

41.     The Personal Guarantee signed by Burford requires Alacrity to indemnify, defend, and hold Prime Property & Casualty harmless from "any and all losses or claims arising out of a

Non-Covered Claim," including "attorneys' fees and costs incurred in an effort to enforce this Agreement."

42.    By reason of the failure of Alacrity Transportation and Nwobu to cooperate with defense counsel in the defense of the Gonzalez Lawsuit, the claims that are the subject of the Gonzalez Lawsuit are "Non-Covered Claims."

43.    Any payment that Prime Property & Casualty may make on account of any judgment entered in or settlement entered into on account of the Gonzalez Lawsuit will constitute a loss arising out of a "Non-Covered Claim."

44.    Section IX—Reimbursement of the Policy provides that Prime has the right to reimbursement of any "Damages and/or Claim Expenses" associated with any claim not covered under the Policy from "any Insured."

45.    Alacrity, the named Insured under the Policy, and Burford, who by reason of his status as an officer and/or director of Alacrity is an "Insured," are obligated to reimburse any "Damages and/or Claim Expenses" incurred or to be incurred by Prime Property & Casualty on account of the Gonzalez Lawsuit, which is a "Non-Covered Claim."

46.    While denying that the Policy affords coverage to Alacrity Transportation or any person or entity for liability arising from the Collision, should Prime Property & Casualty be required to pay any final judgment against Alacrity Transportation and/or Nwobu, and/or to incur any expenses, attorneys fees, or costs due to or on account of the defense of Alacrity Transportation and/or Nwobu from claims or causes of action that arise from or relate to the Collision, Alacrity Transportation and Burford will, pursuant to the Personal Guarantee and the Policy terms, be obligated to reimburse, indemnify, and hold Prime Property & Casualty harmless for and from any such payments.

**WHEREFORE**, Prime Property & Casualty demands judgment against defendants

Alacrity Transportation, Burford and Nwobu, as follows:

(a)    For full and complete indemnification from any judgment against Alacrity Transportation and Nwobu that Prime Property & Casualty may be required to pay to any party to the Gonzalez Lawsuit;

(b)    For damages, interest, attorneys' fees, and costs of suit; and

(c)    For such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY

Demand is made for a trial by jury as to all issues.

KENNEDYS CMK LLP
Attorneys for Plaintiff
Prime Property & Casualty Insurance Inc.

/s/ David M. Kupfer
By:    /s/ Sean P. Shoolbraid
David M. Kupfer
Sean P. Shoolbraid

Dated:  September 16, 2025